IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL RAY FORBES,<br>BOP Register No. 13302-078,<br><br>　　　　Plaintiff,<br><br>V.<br><br>R. ZOOK, ET AL.,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:22-cv-687-E-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Michael Ray Forbes, a federal prisoner, brings this lawsuit *pro se* under the Federal Tort Claims Act, alleging that, during his transfer from FCI Seagoville to FMC Fort Worth in December 2020, the Federal Bureau of Prisons lost personal property of his valued at $2,090. *See* Dkt. No. 3. United States District Judge Ada Brown referred Forbes's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit for lack of jurisdiction.

**Legal Standards and Analysis**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider.");

*Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Forbes chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per curiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). If he does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

First, "FTCA claims may be brought against only the United States, and not the agencies or employees of the United States." *Esquivel-Solis v. United States*, 472

F. App'x 338, 339 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. §§ 2671, 2679; *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988)). So the Court must dismiss "for want of jurisdiction" any "FTCA claim brought against a federal agency or employee." *Id.* at 339-40 (citing *Galvin*, 860 F.2d at 183; *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991)).

And, although Forbes includes the United States as a defendant, "[t]he United States enjoys sovereign immunity from suit, meaning it cannot be sued without consent." *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017) (citations omitted). So, "[t]o maintain a suit in district court against the United States, a plaintiff must bring claims under a statute in which Congress expressly waives the United States' sovereign immunity." *Ortega Garcia v. United States*, 986 F.3d 513, 522 (5th Cir. 2021) (citation omitted); *see also Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("Sovereign immunity is indeed a jurisdictional bar." (citation omitted)). The FTCA is such a statute. *See* 28 U.S.C. § 1346(b)(1). But "[t]he FTCA exempts from this waiver certain categories of claims." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 218 (2008) (citing 28 U.S.C. §§ 2680(a)-(n)).

Here, Forbes alleges that, between March 14, 2020 and February 24, 2021, during his transfer from FCI Seagoville to FMC Fort Worth, employees at those federal prisons lost property belonging to him that he values at more than $2,000. *See* Dkt. No. 3. The waiver exemption applicable to Forbes's claims under the FTCA is therefore Section 2680(c), which provides in applicable part that Section 1346(b) "shall not apply to … any claim arising in respect of … the detention of any … property

by an officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c).

> BOP employees are "law enforcement officer[s]" for the purpose of Section 2680(c). *Chapa v. U.S. Dep't of Justice*, 339 F.3d 388, 390 (5th Cir. 2003). The [United States Court of Appeals for the] Fifth Circuit has also determined that when the BOP takes temporary custody of a prisoner's property pending transfer or relocation, that act amounts to a "detention" for purposes of Section 2680. *Chapa*, 339 F.3d at 390-91. The [United States] Supreme Court subsequently approved the reasoning of *Chapa* in *Ali v. Federal Bureau of Prisons*…. In *Ali*, the Supreme Court affirmed the dismissal of a federal prisoner's FTCA claim in which he sought monetary damages for personal property lost during his transfer for lack of subject matter jurisdiction. The Court held that the prisoner's claim was barred by the Section 2680(c) exception. The Court also confirmed that the phrase "any other law enforcement officer" included BOP officers. *Ali*, 552 U.S. at 218-28.

*Frazier v. Wingo*, Civ. A. No. 09-1827, 2010 WL 5812798, at *2 (W.D. La. Dec. 9, 2010) (citations modified; concluding that the district court lacked "subject matter jurisdiction to adjudicate Frazier's lost property claim under the FTCA as Frazier failed to exhaust the administrative process and the United States retains sovereign immunity with regard to a suit for the detention of property"), *rec. adopted*, 2011 WL 590133 (W.D. La. Feb. 9, 2011); *see also Moler v. Potter*, No. 20-5579, 2020 WL 9886297, at *2 (6th Cir. Dec. 30, 2020) ("As the district court noted, the Supreme Court held that [Section 2680(c)] bars claims against 'BOP officers who allegedly [lose an inmate's] property.' There is an exception to this exception – that is, sovereign immunity is waived for any officers who are enforcing a federal forfeiture law, 28 U.S.C. § 2680(c)(1) – but Moler did not allege that his property was seized as a result of the enforcement of such a law. The district court therefore properly concluded that Moler's FTCA claim failed to state a claim upon which relief could be granted."

- 4 -

(citation omitted)); *Moler v. Gassaway*, 839 F. App'x 899, 899-900 (5th Cir. 2021) (per curiam) (dismissing the same (now former) prisoner's appeal as frivolous, citing *Ali* and *Chapa* to reject his arguments "that (1) the forms provided by the BOP were misleading because they inferred that he would be able to sue for damages under the FTCA after his administrative remedies were exhausted; (2) the district court should have construed his claim as arising under 31 U.S.C. § 3723; and (3) the defendants' loss of [his] items that consisted of subsistence goods, such as medicine and clothing, should not be considered a detention for purposes of 28 U.S.C. § 2680(c) because the BOP was required to provide [him] those items as a mandated service" (citations omitted)).

Forbes also does not allege that his personal property was lost while enforcing federal forfeiture law. So the exception to the applicable exception also does not apply here. *See Moler*, 2020 WL 9886297, at *2

And, since Forbes presented his lost property claim on a BOP form titled Small Claims for Property Damage or Loss (31 U.S.C. § 3723) [Dkt. No. 3 at 13], the undersigned further notes that – as the BOP explained to Forbes more than once – "[t]here is no provision for judicial review of claim determinations made under 31 U.S.C. § 3723," *id.* at 7, 11; *see also Moler*, 2020 WL 9886297, at *2 ("§ 3723 does not provide a mechanism for judicial review" (citation omitted)).

In sum, Forbes fails to show that the United States has waived its sovereign immunity as to the claims that he now brings. *Cf. Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (per curiam) ("[A]n action against the United

States, the BOP, or BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity." (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *Hafer v. Melo*, 502 U.S. 21, 25 (1991))). The Court should therefore dismiss Forbes's lawsuit for lack of jurisdiction.

Further – and out of an abundance of caution – because Forbes names two BOP employees (both prison wardens) "individually and in their official capacities," Dkt. No. 3 at 1, the undersigned has considered whether the facts in support of Forbes's request for monetary damages alleges a claim actionable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

They do not. First, no facts alleged reflect that either warden acted in a personal capacity. *Cf. Robinson v. Hunt Cnty., Tex.*, 921 F.3d 440, 446 (5th Cir. 2019) ("To determine whether a defendant is being sued in his or her official or individual capacity, [a court should] examine '[t]he allegations in the complaint'" "and '[t]he course of proceedings[.]'" (quoting *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam), then *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985))).

Further, *Bivens*, unlike 42 U.S.C. § 1983, is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017) ("Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to *Bivens*, Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government."). And, given that the facts here present a context outside the *Bivens* trilogy of cases, Forbes

has not shown that the Court should extend *Bivens* to this context. *See Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2021 WL 4395280, at *11-*13 (N.D. Tex. July 13, 2021), *rec. accepted*, 2021 WL 3828151 (N.D. Tex. Aug. 27, 2021).

## Recommendation

The Court should dismiss this case for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 6, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE